IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FIRST BANK PUERTO RICO<br><br>    Plaintiff<br>              v.<br><br>SWIFT ACCESS MARKETING, INC.<br><br>    Defendants | Civil No. 08-1677 (SEC) |

**OPINION AND ORDER**

Pending before this Court is Plaintiff's motion to remand (Docket # 6), and Defendant's opposition thereto (Docket # 8).[1] After reviewing the filings, and the applicable law, Plaintiff's motion is **GRANTED**.

**Factual and Procedural Background**

On June 20, 2008, Defendant Swift Access Marketing, Inc. ("Swift" or "Defendant") filed a notice of removal. Docket # 1. According to Defendant, Plaintiff's state court suit is based upon a maritime lien and finance agreement regarding a vessel Tiara Serial No. #SSUM4213F102, named "Secret." Defendant argues that insofar as said claims arise under the Preferred Ship Mortgage Act of 1920, 46 U.S.C. § 31321 et seq, this Court has exclusive jurisdiction,[2] and removal is proper.

On July 21, 2008, Plaintiff First Bank Puerto Rico ("First Bank" or "Plaintiff") moved for remand. Docket # 6. On even date, Plaintiff also requested leave file a second amended

---

[1] The parties have filed several motions regarding the issues of removal/remand, essentially setting forth the same arguments.

[2] It should be noted that the present suit is not premised on an *in rem* action against a vessel. Pursuant to 42 U.S.C. § 31325(b)(1), district courts have exclusive jurisdiction over civil actions brought to enforce a preferred mortgage lien in a civil action *in rem*. In contrast, district courts only have original jurisdiction over civil actions *in personam* against the mortgagor, maker, comaker, or guarantor for the amount of outstanding indebtedness or any deficiency in full payment of that indebtedness. See 42 U.S.C. § 31325(b)(2) and (c). As such, this Court's jurisdiction over the present case is not exclusive.

complaint. Docket # 5. In the motion to remand, Plaintiff argues that accompanying its notice of removal, Defendant included a copy of the Complaint filed in the state court suit, yet failed to submit a certified English translation of the same. In light of this, Plaintiff avers that Defendant's notice of removal is defective.

**Applicable Law and Analysis**

The First Circuit has held that, in some cases, a Defendant's failure to provide the district court with certified translations, or even original Spanish language versions of the motions filed in the Puerto Rico court "could be fatal to removal." Hoyos v. Telecorp Communs., Inc., 488 F.3d 1, 4 (1st Cir. 2007); see 28 U.S.C. §1447(c) (authorizing remand to state court for defects in removal procedure). In the present case, in contrast to Hoyos, this defect in removal has been raised by Plaintiff within thirty days of removal. Moreover, Plaintiff argues that failure to file certified translation of the complaint renders removal defective.

In Gonzalez-De-Blasini v. Family Department, the First Circuit held that "[t]he district court should not have considered any documents before it that were in the Spanish language." 377 F.3d 81,89 (1st Cir. 2004). Accordingly, in Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 118 (1st Cir. 2005), the Court concluded that the district court did not abuse its discretion in excluding from consideration documents not filed in English. This reasoning follows Local Rule 10(b), which provides that "all documents not in the English language which are presented to or filed in this Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order." Furthermore, case law has established that "federal litigation in Puerto Rico [must] be conducted in English." Id. (citing Gonzalez-De Blasini v. Family Dep't, 377 F.3d 81, 88 (1st Cir. 2004); see also Pena-Crespo v. Puerto Rico, 408 F.3d 10, 14 (1st Cir. 2005) (not an abuse of discretion for the district court to exclude plaintiff's expert testimony where the plaintiff failed to provide an English translation of expert's report and resume, and made no attempt to remedy the omission before the court); Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008).

In explaining the importance of this rule, the Court noted that "[a]llowing the outcome of a case to turn on a non-English language document would be 'at odds with the premise of a unified and integrated federal courts system,'... and effectively exclude the public from access to court decisions. 'The policy interest in keeping the District of Puerto Rico as an integrated part of the federal judiciary is too great to allow parties to convert that court into a Spanish language court at their whim.'" Dalmau, 544 F.3d at 67 (citing United States v. Rivera-Rosario, 300 F.3d 1, 8, n. 9 (1st Cir. 2002)).

Based on the foregoing, this Court cannot consider the complaint filed by Defendant in support of its notice of removal. Moreover, this Court notes that despite Plaintiff's allegations on this matter in the motion to remand, to this date Defendant has failed to request leave to file, or submitted, a certified English translation of the complaint. As a result, Defendant's notice of removal is defective.

**Conclusion**

In light of the above, Plaintiff's motion to remand is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of November, 2009.

                                                  S/ *Salvador E. Casellas*
                                                  SALVADOR E. CASELLAS
                                                  U.S. Senior District Judge