**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FIRST BANK PUERTO RICO<br><br>    Plaintiff<br>             v.<br><br>SWIFT ACCESS MARKETING, INC.,<br>PHILIP PEREZ-MACIAS<br><br>    Defendants | Civil No. 08-1677 (SEC) |

**OPINION AND ORDER**

Pending before this Court is Defendants Swift Access Marketing, Inc. and Philip Perez-Macias's ("Defendants") motion for reconsideration (Docket # 39), and Plaintiff First Bank Puerto Rico ("Plaintiff") opposition thereto (Docket # 41).[1] After reviewing the filings, and the applicable law, Defendants' motion is **DENIED.**

**Factual and Procedural Background**

On June 20, 2008, Defendants filed a notice of removal. Docket # 1. According to Defendants, Plaintiff's state court suit is based upon a maritime lien and finance agreement regarding a vessel Tiara Serial No. #SSUM4213F102, named "Secret." Defendants argued that insofar as said claims arise under the Preferred Ship Mortgage Act of 1920, 46 U.S.C. § 31321 et seq, this Court had exclusive jurisdiction, and removal was proper.

On July 21, 2008, Plaintiff moved for remand. Docket # 6. On even date, Plaintiff also requested leave file a second amended complaint. Docket # 5. In the motion to remand, Plaintiff argued that accompanying its notice of removal, Defendants included a copy of the Complaint filed in the state court suit, yet failed to submit a certified English translation of the same pursuant to Local Rule 10(b). In light of this, Plaintiff averred that Defendants' notice of removal was defective. On November 18, 2009, this Court granted Plaintiff's request for

---

[1] The parties filed several motions regarding the issues of removal/remand, essentially setting forth the same arguments.

remand, as a result of Defendants' failure to comply with Local Rule 10(b). Docket # 38. This Court also noted that "the present suit is not premised on an *in rem* action against a vessel." On this front, this Court held that "[p]ursuant to 42 U.S.C. § 31325(b)(1), district courts have exclusive jurisdiction over civil actions brought to enforce a preferred mortgage lien in a civil action *in rem*. In contrast, district courts only have original jurisdiction over civil actions *in personam* against the mortgagor, maker, comaker, or guarantor for the amount of outstanding indebtedness or any deficiency in full payment of that indebtedness. See 42 U.S.C. § 31325(b)(2) and (c). As such, this Court's jurisdiction over the present case is not exclusive." Docket # 38, p. 1, n. 2.

On even date, Defendants filed a motion for reconsideration requesting leave to file English translation of the attached document, to wit, Plaintiff's Amended Complaint. Docket # 38. Defendants further argue that albeit this Court's jurisdiction in the present case is not exclusive, "this is the case of the mechanic lien filed by co-party Mar Afuera which may not proceed in State Court and is part of the case and controversy before this Honorable Court." Docket # 39, p. 2. Plaintiff opposes, averring that inasmuch as the Amended Complaint does not raise issues of federal law, remand is proper. Docket # 40. According to Plaintiff, the present suit is an *in personam* action which seeks the enforcement of a promissory note executed between First Bank and Swift Access, and its related guarantees.

**Applicable Law and Analysis**

As stated in our prior Opinion and Order, in some cases, a defendant's failure to provide the district court with certified translations, or even original Spanish language versions of the motions filed in the Puerto Rico court "could be fatal to removal." Hoyos v. Telecorp Communs., Inc., 488 F.3d 1, 4 (1st Cir. 2007); see 28 U.S.C. §1447(c) (authorizing remand to state court for defects in removal procedure). In explaining the importance of this rule, the First Circuit has noted that "[a]llowing the outcome of a case to turn on a non-English language document would be 'at odds with the premise of a unified and integrated federal courts system,'... and effectively exclude the public from access to court decisions. 'The policy interest in keeping the District of Puerto Rico as an integrated part of the federal judiciary is

too great to allow parties to convert that court into a Spanish language court at their whim.'" Dalmau, 544 F.3d at 67 (citing United States v. Rivera-Rosario, 300 F.3d 1, 8, n. 9 (1st Cir. 2002)).

Accordingly, in Gonzalez-De-Blasini v. Family Department, the First Circuit held that "[t]he district court should not have considered any documents before it that were in the Spanish language." 377 F.3d 81,89 (1st Cir. 2004). Similarly, in Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 118 (1st Cir. 2005), the Court concluded that the district court did not abuse its discretion in excluding from consideration documents not filed in English. This reasoning followed Local Rule 10(b), which provides that "all documents not in the English language which are presented to or filed in this Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order." Furthermore, case law has established that "federal litigation in Puerto Rico [must] be conducted in English." Id. (citing Gonzalez-De Blasini v. Family Dep't, 377 F.3d 81, 88 (1st Cir. 2004); see also Pena-Crespo v. Puerto Rico, 408 F.3d 10, 14 (1st Cir. 2005) (not an abuse of discretion for the district court to exclude plaintiff's expert testimony where the plaintiff failed to provide an English translation of expert's report and resume, and made no attempt to remedy the omission before the court); Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Considering the foregoing case law, and that in the present case, in contrast to Hoyos, this defect in removal was raised by Plaintiff within thirty days of removal, this Court held that Defendant's notice of removal was defective, and granted Plaintiff's request for remand.

Defendants request reconsideration on two fronts. First, they move this Court for leave to file an English translation of Plaintiff's Amended Complaint. Second, Defendants argue that the present case is an *in rem* action, and enforcement of a mechanic lien under 46 U.S.C. §

**Civil No. 08-1677 (SEC)**

31342,[2] which may not proceed in state court. Notwithstanding, this Court reiterates that the present suit is an *in personam* action against Defendants, not an *in rem* claim against the vessel "Secrets."

In the present case, Plaintiff's Amended Complaint is devoid of federal law issues. As in Sovereign Bank v. Bowditch Boat holdings, LLC, 376 F. Supp. 2d 3, 6 (D. Mass 2004), Plaintiff seeks enforcement of the Promissory Note, not foreclosure upon a mortgage or arrest of a vessel. Moreover, courts have held that "a federal court's jurisdiction pursuant to 46 U.S.C. § 31325 is not exclusive, indicating that Congress did not intend that all actions involving mortgages on vessels be resolved in federal court and providing further reason why this Court should not create an exception to the well-pleaded complaint rule in this case." Sovereign Bank, 376 F. Supp. 2d at 6; see also First Federal Savings v. M/Y Sweet Retreat, 844 F. Supp. 99, 102 (D.R.I. 1994) (finding that the Preferred Ship Mortgage Act is not exclusive remedy). This stems from the fact that 46 U.S.C. § 31325 does not expressly provide for removal to federal court. Id.

Thus, although federal courts have exclusive jurisdiction over *in rem* foreclosures of ship mortgages, state and federal courts have concurrent jurisdiction over *in personam* actions for deficiency upon default of a preferred ship mortgage. Sovereign Bank, 376 F. Supp. 2d at 6; Dietrich v. Key Bank, N.A., 72 F.3d 1509, 1515, n. 10 (11th Cir. 1996); Reedsburg Bank v. Apollo, 508 F.2d 995, 999 (7th Cir. 1975). Therefore, Plaintiff's *in personam* action for breach of contract and collection of monies can be properly addressed by the state courts. As such, removal of First Bank's breach of contract claims, and Swift Acess's counter claims, is proper.

As to Mar Afuera's cross-claims against the vessel "Secrets," this Court notes that it is completely unrelated to Plaintiff's claims against Defendant. More so considering that, on

---

[2] On February 18, 2009, third party defendant Mar Afuera filed a cross-claim against the vessel "Secret" under 46 U.S.C. § 31342, claiming a maritime lien for "providing necessaries to the vessel on the order of its owner." Docket # 25.

**Civil No. 08-1677 (SEC)**

February 18, 2009, Swift Access voluntarily dismissed, with prejudice, their Third Party Complaint against Mar Afuera, the vessel "Secrets," and other third-party defendants. Dockets ## 26 & 27. As such, removal of the case does not in any way affect Mar Afuera's mechanic lien against the vessel "Secrets." It is well settled that courts may retain jurisdiction over permissive cross claims that have their own jurisdictional basis, such as the mechanic lien filed by Mar Afuera. See Whigham v. Beneficial Finance Co., 599 F.2d 1322, 1323 (4th Cir. N.C. 1979).

In light of the foregoing case law, this Court finds that remand was proper in this case. As such, Defendants' motion for reconsideration is **DENIED**.

**Conclusion**

In light of the above, Plaintiff's motion to remand is **GRANTED.** However, Mar Afuera's mechanic lien against the vessel "Secrets" is still pending before this Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2010.

> S/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge